BARBARA ANN KOPELMAN, INDIVIDUALLY AND AS GUARDIAN OF DAVID PAUL KOPELMAN v. SALLY MERRILL McCLURE

No. 8828DC788

(Filed 4 April 1989)

**Courts § 9.4— entry of summary judgment as to liability—litigation of issue by another judge—no authority of second judge to overrule first**

Where partial summary judgment in favor of plaintiffs with respect to the issue of liability was entered by one superior court judge, another superior court judge in effect overruled

the first by submitting to the jury an issue as to liability over plaintiffs' objections, by denying plaintiffs' motion for a directed verdict as to the issue of liability, and by denying plaintiffs' motion for a new trial as to the issue of liability, and this the second judge had no authority to do.

APPEAL by plaintiffs from *Cash, Judge.* Judgment entered 13 January 1988 in District Court, BUNCOMBE County. Heard in the Court of Appeals 13 March 1989.

This is a civil action wherein plaintiffs seek damages for personal injuries allegedly resulting when the automobile in which plaintiffs were riding as passengers was struck from behind by an automobile operated by defendant.

Plaintiffs moved for partial summary judgment on the issue of liability. After defendant was permitted to amend the answer, District Judge Roda granted plaintiffs' motion for partial summary judgment and entered an order stating in pertinent part, "Based upon Defendant's Amendment to Answer, admitting liability it is hereby ordered that this matter proceed to trial on the issue of damages solely."

The matter came on for trial before Judge Cash on 11 January 1988, and over plaintiffs' objections the court submitted the following issues to the jury which were answered as indicated:

1. Was the plaintiff, Barbara Ann Kopelman, injured as a proximate cause of the negligence of the defendant?

ANSWER: No

2. What amount, if any, is the plaintiff, Barbara Ann Kopelman, entitled to recover from the defendant for her personal injuries?

ANSWER: N/A

3. Was the plaintiff, David Paul Kopelman, injured as a proximate cause of the negligence of the defendant?

ANSWER: No

4. What amount, if any, is the plaintiff, David Paul Kopelman, entitled to recover from the defendant for his personal injuries?

ANSWER: N/A

KOPELMAN v. McCLURE

[93 N.C. App. 340 (1989)]

From a judgment entered on the verdict, plaintiffs appealed.

*Ronald C. True for plaintiffs, appellants.*

*Louise Critz Root for defendant, appellee.*

HEDRICK, Chief Judge.

Defendant did not object or except to the partial summary judgment in favor of plaintiffs with respect to liability entered by Judge Roda on 9 October 1987 nor did defendant cross-appeal from the judgment entered on 13 January 1988. Thus, no question is raised on this appeal regarding the propriety of partial summary judgment for plaintiffs as to liability entered on 9 October 1987.

Our Supreme Court in *Bank v. Hanner*, 268 N.C. 668, 670, 151 S.E. 2d 579, 580 (1966) stated:

The power of one judge of the superior court is equal to and coordinate with that of another, and a judge holding a succeeding term of court has no power to review a judgment rendered at a former term on the ground that the judgment is erroneous. No appeal lies from one superior court judge to another.

*See, also, Johnson v. Johnson*, 7 N.C. App. 310, 172 S.E. 2d 264 (1970).

In the present case, Judge Cash had no authority to overrule the partial summary judgment in favor of plaintiffs with respect to the issue of liability entered by Judge Roda on 9 October 1987. By submitting to the jury the first issue as to liability over plaintiffs' objections, denying plaintiffs' motion for a directed verdict as to the issue of liability, and by denying plaintiffs' motion for a new trial as to the issue of liability, Judge Cash, in effect, overruled or reversed the order of District Judge Roda in the same case. The verdict of the jury finding no liability, and the judgment entered thereon must be vacated and the cause remanded to the district court for trial on the single issue as to what damages, if any, plaintiffs have suffered.

Vacated and remanded.

Judges WELLS and LEWIS concur.